IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANNETTE HAAKE,<br><br>       Plaintiff,<br><br>  vs.<br><br>SAFEWAY – (Kihei Branch), Representative for MORI NU TOFU FIRM (Silken) TOFU COMPANY and their hires insurance company, and JOHN DOES 1 10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 , and DOE VENTURES 1-10 and DOE GOVERNMENTAL ENTITIES 1-10, inclusive Defendants,<br><br>       Defendants. | Case No. CV10-00126 JMS-KSC<br>(Other Non-Vehicle Tort)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |
| SAFEWAY INC., a Delaware corporation<br><br>       Defendant and<br>       Third-Party Plaintiff,<br><br>  vs.<br><br>MORINAGA NUTRITIONAL FOODS, INC.; JOHN DOES 1-10, JANE DOES 1-10, AND DOE ENTITIES 1-10,<br><br>       Third-Party<br>       Defendants | |

759549v4/7948-5

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.............................................................................. 1

II.  BACKGROUND................................................................................ 2

    A.   Procedural Background ........................................................ 2

        1.   Plaintiff v. Safeway .................................................. 2

        2.   Safeway v. Morinaga.................................................. 3

    B.   Factual Background .............................................................. 3

        1.   No record of Plaintiff's alleged purchase.................................. 4

        2.   No evidence connecting Plaintiff's alleged injuries to consumption of tofu.................................................... 5

III. LEGAL STANDARDS........................................................................ 6

    A.   Summary Judgment .............................................................. 6

    B.   Opposition to Summary Judgment ........................................ 8

    C.   Causation: An Essential Element of Plaintiff's and Safeway's Claims Against Morinaga........................................ 9

IV.  ARGUMENT ................................................................................... 10

    A.   Summary Judgment in Favor of Morinaga is Appropriate Because Claimants Cannot Demonstrate Plaintiff Purchased or Consumed Mori-Nu Tofu...................................... 11

    B.   Summary Judgment in Favor of Morinaga is Appropriate Because Plaintiff and Third-Party Plaintiff Cannot Demonstrate Plaintiff's Alleged Injuries were Caused by Consumption of Mori-Nu Tofu ...................................... 13

        1.   Plaintiff's own discovery responses indicate her lack of knowledge regarding the cause of her alleged injuries ........... 13

2.   Plaintiff's allegations are insufficient to establish medical causation .................................................................... 15

3.   Medical causation in this case requires expert testimony ........ 16

C.   Costs ...................................................................................... 19

V.   CONCLUSION .............................................................................. 19

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130 (9th Cir. 2000) ....................... 7, 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................... 7, 11, 12

*California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988) ......................................................................................... 8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................... 7, 10, 12

*DeHorney v. Bank of America National Trust & Sav. Association*, 879 F.2d 459 (9th Cir. 1989) ...................................................................... 7

*First National Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968) ........... 7

*Fitzgerald v. Manning*, 679 F.2d 341 (4th Cir. 1982) ................................... 15

*Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), *cert. denied*, 481 U.S. 1029 (1987) ............................................... 8

*Schaffer v. Weast*, 546 U.S. 49 (2005) ........................................................... 11

*T.W. Elec. Servs., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987) ............................................................................. 8, 12

*United Steel Workers of America v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir. 1989) .................................................................................. 9

## STATE CASES

*Bachran v. Morishige*, 52 Haw. 61, 469 P.2d 808 (Haw. 1970) .................. 18

*Bromme v. Pavitt*, 7 Cal. Rptr. 2d 608 *review denied*, 1992 Cal.
    LEXIS 3777 (Cal. July 23, 1992) ............................................................ 17

*Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai`i 398, 419,
    992 P.2d 93, 114 (Haw. 2000) .................................................................. 9

*Doe Parents No. 1 v. State Dept. of Educ.*, 100 Hawai`i 34, 68,
    58 P.3d 545, 579 (Haw. 2002) .................................................................. 9

*Dzurik v. Tamura*, 44 Haw. 327, 359 P.2d 164 (Haw. 1960) ...................... 15

*Exotics Hawaii-Kona, Inc. v. E. I. du Pont de Nemours & Co.*,
    116 Hawai`i 277, 172 P.3d 1021 (Haw. 2007) ........................................ 18

*Ho v. Leftwich*, 88 Hawai`i 251, 965 P.2d 793 (Haw. 1998) ....................... 17

*Jackson v. Colston*, 209 P.2d 566 (Utah 1949) ............................................ 15

*Kaho`ohanohano v. Dep't of Human Servs.*, 117 Hawai`i at 305,
    178 P.3d 581 (Haw. 2008) .......................................................................... 9

*Mitchell v. Branch*, 45 Haw. 128, 363 P.2d 969 (Haw. 1961) ............... 13, 14

*Nielsen v. American Honda Motor Co., Inc.*, 92 Hawai`i 180,
    989 P.2d 264, *cert. dismissed*, 1999 Haw. LEXIS 403
    (Haw. Nov. 29, 1999) .............................................................................. 10

*Ontai v. Straub Clinic & Hospital, Inc.*, 66 Haw. 237,
    659 P.2d 734 (Haw. 1983) ....................................................................... 10

*Snyder v. Contemporary Obstetrics & Gynecology, P.C.*,
    605 N.W.2d 782 (Neb. 2000) ................................................................... 16

*Takayama v. Kaiser Found. Hosp.*, 82 Hawai`i 486,
    923 P.2d 903 (Haw. 1996) .......................................................................... 9

*Wong v. Honolulu*, 66 Haw. 389, 665 P.2d 157 (Haw. 1983) ...................... 18

## FEDERAL RULES

Fed. R. Civ. P. Rule 11 ..................................................................... 13

Fed. R. Civ. P. Rule 37 ..................................................................... 13

Fed. R. Civ. P. Rule 54(d)(1) .......................................................... 19

Fed. R. Civ. P. Rule 56(a) ............................................................ 6, 7

Fed. R. Civ. P. Rule 56(c) .................................................................. 7

Fed. R. Evid. Rule 602 .................................................................... 17

Fed. R. Evid. Rule 701 .................................................................... 17

## STATE STATUTES

Hawai`i Revised Statutes § 657-7 ................................................... 11

## STATE RULES

Hawai`i Rules of Evidence Rule 602 .............................................. 17

## MISCELLANEOUS

11 JaMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.11
(Matthew Bender 3d ed. 2010) ............................................. 8, 12

## MEMORANDUM IN SUPPORT OF MOTION

Third-Party Defendant Morinaga Nutritional Foods, Inc.

("Morinaga"), by and through its attorneys, respectfully moves for summary

judgment on all claims against it on the grounds that there is no genuine dispute as

to any material fact and Morinaga is entitled to judgment as a matter of law.

## I.   INTRODUCTION

Plaintiff Annette Haake's ("Plaintiff" or Ms. Haake) action and

Third-Party Defendant Safeway Inc.'s derivative action arise out of Ms. Haake's

claim that she: (1) purchased tofu produced by Morinaga and sold by Safeway;

(2) prepared the tofu with red onions and sesame oil; and (3) subsequently became

ill.  However, neither Ms. Haake nor Safeway can maintain claims against

Morinaga because:

- No party can establish that Ms. Haake actually purchased tofu manufactured by Morinaga and/or sold by Safeway at any time relevant to this action; and

- Even if the parties could present evidence linking Morinaga to this action – which they cannot – Ms. Haake has not demonstrated and cannot demonstrate any causal connection between her alleged injuries and her alleged consumption of this tofu.

Because Ms. Haake and Safeway cannot make a showing sufficient to

establish the existence of two essential elements of the parties' claims – elements

on which those parties will bear the burden of proof at trial – the claims fail and

Morinaga is entitled to judgment as a matter of law.

759549v4/7948-5

## II. BACKGROUND

### A. Procedural Background

#### 1. Plaintiff v. Safeway

On September 10, 2009, Ms. Haake filed her complaint against

Safeway in the Circuit Court of the Second Circuit, State of Hawai`i

("*Complaint*").[1] Ms. Haake alleges she purchased tofu at the Safeway store in

Kihei, Maui on September 10, 2007. *See Complaint*, pp. 1-2. Ms. Haake claims,

among other things, that she felt ill within hours of consuming this tofu and that

Safeway subsequently refused Ms. Haake's demands for assistance with medical

diagnosis, treatment, and contact information for the tofu manufacturer. *See e.g.,*

*Complaint*, pp. 3-6. Ms. Haake alleges the following counts against Safeway:

(1) "Negligence"; (2) "Criminal negligence"; (3) "[G]ross negligence";

(4) "Negligent infliction of emotional distress"; and (5) "Unethical" behavior.

*Complaint*, pp. 12-17.

---

[1] A true and correct copy of the *Complaint* is attached as Exhibit "A" to the
*Separate and Concise Statement of Undisputed Material Facts in Support of Third-
Party Defendant Morinaga Nutritional Foods, Inc.'s Motion for Summary
Judgment*, filed concurrently herewith ("*Concise Statement*"). Pursuant to LR 56.1
of the Rules of the United States District Court for the District of Hawai`i, the
declaration and exhibits in support of this motion are attached to the *Concise
Statement*.

By *Defendant Safeway Inc.'s Answer to Complaint Filed September 10, 2009*, filed March 2, 2010 ("*Answer*"), Safeway generally denied the allegations in the *Complaint* and asserted its defenses. *See Answer*, ¶¶ 1-17 and ¶ 18 ("Any allegation set forth in the Complaint that is not specifically admitted or denied herein is denied by SAFEWAY.").

On March 8, 2010, Safeway removed Ms. Haake's action to the United States District Court for the District of Hawai`i. *See Notice of Removal*, filed March 8, 2010.

### 2.    Safeway v. Morinaga

On June 21, 2010, Safeway filed a third-party complaint against Morinaga ("*Third-party Complaint*"). Safeway alleges it is entitled to "indemnity, contribution, equitable subrogation and/or reimbursement from" Morinaga. *Third-party Complaint*, ¶ 9.

On August 13, 2010, Morinaga filed its answer to the *Third-party Complaint*.

### B.    Factual Background

Ms. Haake alleges that she purchased groceries at the Kihei Safeway including: "Mori-Nu Silken Tofu." *Complaint*, p. 1. Safeway's *Third-party Complaint* confirms that Safeway carries tofu provided by Morinaga; Morinaga does not dispute that it produces a variety of products known as Mori-Nu tofu,

including soft, firm, extra firm, "lite," and organic silken tofu. *See Third-party Complaint*, ¶ 6; Declaration of Daniel D. Povich ("Povich Decl."), ¶ 3.

### 1.   No record of Plaintiff's alleged purchase

Records produced by Ms. Haake and Safeway demonstrate that there is no receipt or any other proof of Ms. Haake's alleged purchase. *See* Plaintiff's discovery responses, p. H000041, Exhibit "B" (indicating she kept the tofu packaging for one week before disposing of it);[2] *see also* S-002,[3] Exhibit "C." Notes dated October 23, 2007 from Safeway's claim file confirm that Ms. Haake "doesn[']t have a rec[ie]pt or wrapper." S-003; *see also* S-005 ("She doesn[']t have proof of original package she ate." and "Customer has no proof of product she ate[.]"). Ms. Haake's response to interrogatories also fails to identify any documentary evidence that she purchased Mori-Nu tofu from Safeway – or

---

[2] True and correct copies of excerpts of Plaintiff's discovery responses are attached to the *Concise Statement* as Exhibit "B." For ease of reference, Morinaga added Bates-style page numbers beginning with "H000001" and – where possible – cited portions of these documents are highlighted.

[3] True and correct copies of documents produced by Safeway pursuant to *Defendant/Third-Party Plaintiff Safeway Inc.'s Response to Third-Party Defendant Morinaga Nutritional Foods, Inc.'s (Named as Mori Nu Tofu Firm (Silken) Tofu Company) First Request for Production of Documents to Defendant/Third-Party Plaintiff Safeway Inc.*, dated December 8, 2010, are attached to the *Concise Statement* as Exhibit "C" and referred to as "S-" documents. For example, document "001" produced by Safeway is referred to herein as "S-001."

purchased it at all.  *See e.g.*, Plaintiff's discovery responses, pp. H000004-7, Exhibit "B."

### 2. No evidence connecting Plaintiff's alleged injuries to consumption of tofu

Just as Ms. Haake and Safeway cannot show that Ms. Haake ever purchased or consumed Mori-Nu brand tofu, neither party has produced evidence that Ms. Haake's alleged physical injuries were caused by consumption of that tofu.  According to documents produced by Safeway, Ms. Haake reported to Safeway that "she ate ate [tofu] with some onions and felt really sick 2 or 3 hours later."  S-001, Exhibit "C."

There is no evidence to prove Ms. Haake became "sick," much less that her alleged injuries were ***caused*** by consumption of Mori-Nu tofu.  Safeway's claim file indicates the following:

- "Customer claims illness, & refuse's [*sic*] any treatment but her own hearbal [*sic*] detoxification."  S-004;

- "She claims she can[']t see a doctor & has no proof of her diagnosis." S-005;

- As of October 3, 2007, Ms. Haake "ha[d] yet to see a doctor & refuse[d] to see one."  *Id.*; and

- No one provided any medical assistance to Ms. Haake.  S-002.

Exhibit "C"; *see also Safeway's Response to Interrogatories*, Nos. 6 and 8, pp. 4-5, Exhibit "D" (indicating Safeway is not aware of any "facts developed to show that

5

any negligence by [Safeway] was a cause of Plaintiff's alleged illness" or any complaints or reports concerning Mori-Nu tofu made to Safeway).[4]

Ms. Haake's discovery responses similarly demonstrate that there is a lack of causal connection between her alleged consumption of tofu and her alleged injuries. *See* Plaintiff's discovery responses, p. H000041, Exhibit "B" ("One of the most important things in treatment is knowing what you are treating."). By Ms. Haake's own admission, tests might have identified a cause for her alleged illness – however, no such tests were ever performed. *See id.* ("All it would have taken was a Microscope, and an educated microbiologist!").

## III.   LEGAL STANDARDS

### A.   Summary Judgment

"The court ***shall*** grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

---

[4] A true and correct copy of *Defendant/Third-Party Plaintiff Safeway Inc.'s Response to Third-Party Defendant Morinaga Nutritional Foods, Inc.'s (Named as Mori Nu Tofu Firm (Silken) Tofu Company) First Request for Answers to Interrogatories to Defendant/Third-Party Safeway Inc.*, dated December 8, 2010 ("*Safeway's Response to Interrogatories*"), is attached to the *Concise Statement* as Exhibit "D."

Rule 56(a) (emphasis added); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

The United States Supreme Court holds that Fed. R. Civ. P. Rule 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact[.]" *Id.* (citation and internal quotation omitted).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)) (additional citation omitted). That is, summary judgment is appropriate if an essential element of a claim is supported only by a "scintilla" of evidence or by "mere allegations." *Anderson*, 477 U.S. at 252 and 259 (explaining a scintilla of evidence is insufficient to satisfy a claimant's burden of proof); *see also DeHorney v. Bank of America Nat'l Trust & Sav. Ass'n*, 879 F.2d 459, 465 (9th Cir. 1989) (upholding lower court determination that nonmoving party must come forward with specific facts, not simply allegations, to show there was genuine issue for trial).

759549v4/7948-5                     7

##### B.    Opposition to Summary Judgment

"If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the material on file that it believes demonstrate the absence of any genuine material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Servs., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted).  "When the moving party has carried its burden under Rule 56(c), its opponents must do more than simply show there that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), *cert. denied*, 481 U.S. 1029 (1987) (citations omitted).

It cannot be argued "that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988).  "If proof is absent or insufficient regarding any necessary element of a claim, the claimant cannot win at trial and trial is therefore unnecessary."  11 JaMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ("MOORE'S") § 56.11[1][b] (Matthew Bender 3d ed. 2010).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu*, 198 F.3d at 1134 (citing

759549v4/7948-5                                 8

*United Steel Workers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989)).

## C.   Causation: An Essential Element of Plaintiff's and Safeway's Claims Against Morinaga

Ms. Haake identifies her claims as sounding in negligence.  To prevail on a negligence claim, a plaintiff must prove the following four elements by a preponderance of the evidence: (1) duty, (2) breach of duty, (3) **causation** and (4) damages.  *See Kaho`ohanohano v. Dep't of Human Servs.*, 117 Hawai`i 262, 287 n. 31, 178 P.3d 538, 563 n.31 (Haw. 2008) (citing *Takayama v. Kaiser Found. Hosp.*, 82 Hawai`i 486, 498-99, 923 P.2d 903, 915-16 (Haw. 1996)). With regard to causation, "[t]he actor's negligent conduct is a legal cause of harm to another if (a) his or her conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his or her negligence has resulted in the harm." *Kaho`ohanohano*, 117 Hawai`i at 305, 178 P.3d at 581 (citation and internal quotation omitted); *compare Doe Parents No. 1 v. State Dept. of Educ.*, 100 Hawai`i 34, 68, 58 P.3d 545, 579 (Haw. 2002) (citing *Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai`i 398, 419, 992 P.2d 93, 114 (Haw. 2000) (citations omitted)) (explaining a reasonably close causal connection is an essential element to negligent infliction of emotional distress claims).

759549v4/7948-5                                9

Even if Ms. Haake's claims and Safeway's derivative claims sounded in products liability, each party must still demonstrate that (a) Ms. Haake actually used Morinaga's product, and (b) that product *caused* some damage. *See generally, Ontai v. Straub Clinic & Hosp., Inc.*, 66 Haw. 237, 659 P.2d 734 (Haw. 1983); *Nielsen v. American Honda Motor Co., Inc.*, 92 Hawai`i 180, 989 P.2d 264, *cert. dismissed*, 1999 Haw. LEXIS 403 (Haw. Nov. 29, 1999).

## IV.   ARGUMENT

In order to prevail in this action, the claimants must establish each of the elements their claims, including causation, by a preponderance of the evidence. *See* § III.C., *supra.* Summary judgment is appropriate because neither Ms. Haake nor Safeway can present admissible evidence that Ms. Haake purchased Mori-Nu tofu or that Morinaga's product caused any of Ms. Haake's alleged injuries. It is not Morinaga's burden to defeat a presumption of liability absent sufficient evidence to establish these essential elements of Ms. Haake's and Safeway's claims. *See Celotex*, 477 U.S. at 322.

Because claimants bear the burden of persuasion by a preponderance of evidence, both Ms. Haake and Safeway must have at least some sufficiently probative evidence supporting each element of their claims in order to prevail. In

759549v4/7948-5

10

*Schaffer v. Weast*, 546 U.S. 49 (2005), the Supreme Court explained as follows:

> Perhaps the broadest and most accepted idea is that the person who seeks court action should justify the request, which means that the plaintiffs bear the burdens on the elements in their claims.

*Schaffer*, 546 U.S. at 56-57 (decided in the context of the Individuals with Disabilities in Education Act) (citations omitted).  The claims against Morinaga necessarily fail because there is no evidence Ms. Haake purchased Morin-Nu tofu from Safeway or that such tofu caused any of Ms. Haake's alleged injuries.

### A.    Summary Judgment in Favor of Morinaga is Appropriate Because Claimants Cannot Demonstrate Plaintiff Purchased or Consumed Mori-Nu Tofu

As set forth above, neither Ms. Haake nor Safeway can present colorable evidence the Ms. Haake purchased Mori-Nu tofu at Safeway on September 10, 2007 or that she consumed it the same day.  *Cf. Complaint*, p. 1.  This evidence is critical to the causation element of both Ms. Haake's and Safeway's claims.  *See* § IV., *supra*.  Furthermore, the precise date of Ms. Haake's alleged consumption is essential to her claim because the *Complaint* was filed on the eve of the applicable statute of limitations.  *See* Hawai`i Revised Statutes § 657-7 ("Damages to persons or property.").

Morinaga does not seek a factual finding by the Court; such a finding would be inappropriate and is not necessary for the purpose of this motion.  *Anderson*, 477 U.S. at 255.  To the contrary, Morinaga is merely identifying for the

759549v4/7948-5

11

Court that the only evidence supporting Ms. Haake's claim is her allegation. *See e.g.*, *Celotex*, 477 U.S. at 324-26 (explaining plaintiff is precluded from prevailing at trial and summary judgment may be granted if defendant movant draws attention to the absence of support for an essential element of plaintiff, nonmovant's claim – unless plaintiff sets forth sufficient facts to allow a reasonable finder of fact to conclude the essential element is proven); § III.B., *supra* (citing *T.W. Elec.*, 809 F.2d at 630).

An assertion is not a fact. "Just as woefully weak factual disputes do not preclude summary judgment, mere assertions will not preclude summary judgment because assertions have even less probative value than facts." MOORE'S § 56.11[7][c] (citing *Celotex*, 477 U.S. at 324 and *Anderson*, 477 U.S. at 249-51) (additional citations omitted). Ms. Haake and Safeway – to the extent its claim rests on the validity of Ms. Haake's claim – must provide more than a scintilla of evidence that Ms. Haake did purchase tofu on September 10, 2007 ***and*** that the purchased tofu was produced by Morinaga.

Two facts are uncontested: (1) Ms. Haake did not retain a receipt from her alleged purchase; and (2) Ms. Haake did not retain the packaging from the tofu she allegedly consumed. *See* §§II.B.1. and II.B.2., *supra*. It is also apparent from documents and written discovery responses that Ms. Haake was unable to contact the tofu company directly. *See e.g.*, Plaintiff's discovery responses, p. H000015,

Exhibit "B."  This suggests that Ms. Haake did not at any time have tofu packaging

that bore the name, telephone number or address of Mori-Nu tofu or Morinaga.

A simple internet search would have revealed the necessary contact information for

Morinaga. *See e.g.*, Plaintiff's discovery responses, p. H000068, Exhibit "B"

(indicating Ms. Haake has access to the internet).[5]

**B.**   **Summary Judgment in Favor of Morinaga is Appropriate Because Plaintiff and Third-Party Plaintiff Cannot Demonstrate Plaintiff's Alleged Injuries were Caused by Consumption of Mori-Nu Tofu**

Even if Ms. Haake or Safeway could establish that Ms. Haake

purchased and consumed Mori-Nu tofu – which they have not and cannot – there is

no admissible evidence Ms. Haake suffered any damage as a direct, proximate

cause of consuming such tofu.

**1.**   **Plaintiff's own discovery responses indicate her lack of knowledge regarding the cause of her alleged injuries**

Hawai`i negligence cases reveal that a causal connection between the

negligent act and the injury must exist. *See Mitchell v. Branch*, 45 Haw. 128, 131,

_____

[5] That Ms. Haake had, but failed to retain a receipt and other evidence of her purchase and alleged consumption of tofu – despite a claimed immediate knowledge of harm and demands to Safeway – is the sort of destruction of evidence that may constitute spoliation and/or implicate Fed. R. Civ. P. Rule 11 sanctions.  In the event this motion is denied, Morinaga reserves its right to move for relief under Fed. R. Civ. P. Rules 11 and 37.

363 P.2d 969, 973 (Haw. 1961). "The mere co-existence of negligence and injury or the existence of negligence prior to the injury is not in itself sufficient to establish this necessary causal relationship. The injury must be the result of, or flow from, the negligent act before the [allegedly] negligent party [can be] held liable." *Id.* (citations omitted). It is well-settled that, in order to establish legal causation, a plaintiff must prove that the alleged wrongdoer's conduct was a "substantial factor" in bringing about the harm. *Id.* at 132, 363 P.2d at 973.

Ms. Haake's own discovery responses indicate she remains unaware of any causal link between her alleged consumption of tofu and her claimed injuries. *See e.g.*, Plaintiff's discovery responses, p. H000019, Exhibit "B" ("No matter what, I would be the treating Doctor, *if tests were done*.") (emphasis added). Ms. Haake's qualifications as a medical practitioner aside, she is – by her own admission – unaware of the nature and cause of her ailments. Indeed her only assertions consist of speculation that tofu (and not red onions, sesame oil, pure coincidence or any other cause) caused her to feel sick. *See e.g.*, Plaintiff's discovery responses, p. H000003, Exhibit "B" ("The above scenarios are my *guess* as to how this fly landed on the tofu.") (emphasis added).

## 2. Plaintiff's allegations are insufficient to establish medical causation

Ms. Haake's guesses about how tofu she ate allegedly became spoiled and/or caused her to feel ill do not constitute a "reasonably probable" theory of causation. *See e.g.*, § IV.B.1., *supra*. "Proximate causation of an injury must be proved and is never presumed." *Dzurik v. Tamura*, 44 Haw. 327, 329, 359 P.2d 164, 165 (Haw. 1960) (citing *Jackson v. Colston*, 209 P.2d 566 (Utah 1949)) (additional citation omitted).

> A case involving a medical issue, such as the present one, is no exception to the rule that, when there are conflicting inferences and conclusions, it is the function of the trier of facts to select the one which it considers most reasonable. . . . However, when the trier of facts "would be required to speculate and guess on too many elements in the chain of causation" a verdict may be directed for the defendant."

*Dzurik*, 44 Haw. at 329, 359 P.2d at 165 (citations omitted).[6] Ms. Haake's written discovery responses state, in part, as follows:

> I believe You (Morinaga Nutritional Foods, Inc.) had a fly, the type of fly which lays maggots. There are 3 common species of Maggot in the USA. I believe you

---

[6] "In establishing proximate cause, the plaintiff must adduce evidence that shows plaintiff's theory of causation is reasonably probable, not merely possible, and more probable than any other theory based thereon. . . . Speculation and conjecture are not sufficient to establish causation." *Fitzgerald v. Manning*, 679 F.2d 341, 349 (4th Cir. 1982) (citation omitted).

had one, in the area where you made the tofu. One which landed on the tofu and layed [*sic*] live maggots. When outside of refrigeration. They are very tiny and grow tremendously fast, to about 1 inch long. If this was not the entry route into the food I ate, than [*sic*] the packaging seal, did not get properly sealed and thereby maggots got in that way.

Plaintiff's discovery responses, p. H000035, Exhibit "B".[7] This is precisely the type of speculation that is insufficient to defeat a motion for summary judgment and would, at trial, require a finder of fact to speculate and guess in order to arrive at a theory of causation. *See e.g.*, *Snyder v. Contemporary Obstetrics & Gynecology, P.C.*, 605 N.W.2d 782, 791 (Neb. 2000) ("The burden of proving a cause of action is not sustained by evidence from which a jury can arrive at its conclusion only by guess, speculation, conjecture, or choice of possibilities; there must be something more which would lead a reasoning mind to one conclusion rather than to another.") (in the context of a directed verdict) (citation omitted).

### 3. Medical causation in this case requires expert testimony

Knowledge, such as the cause of Ms. Haake's current medical condition, is beyond the scope of lay witnesses and may only be established by medical experts. For example, the Federal Rules of Evidence ("Fed. R. Evid.")

---

[7] For clarification regarding Ms. Haake's refrigeration claim, review of Morinaga's website indicates that Mori-Nu tofu does not require refrigeration until opened. *See* Povich Decl., ¶ 4.

provide: "A witness may not testify to a matter unless evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the

matter." Fed. R. Evid. Rule 602. The need for personal knowledge is underscored

by the requirement that testimony in the form of opinion or inference is limited to

testimony rationally based on the witness' perception. *See e.g.*, Fed. R. Evid.

Rule 701.

     The Supreme Court of Hawai`i addressed Hawai`i Rules of Evidence

("Haw. R. Evid.") Rule 602[8] stating:

> Inasmuch as the question whether a specific treatment
> modality was reasonable and necessary is not within the
> personal knowledge of a lay witness, it must be testified
> to by experts.

*Ho v. Leftwich*, 88 Hawai`i 251, 259, 965 P.2d 793, 801 (Haw. 1998) (confirming

the lower court's award of a directed verdict). Because the relationship between

plaintiff's treatments and injuries "were not within [her] personal knowledge and

could not have been rationally inferred based only on her own perception . . . the

reasonableness and necessity of [her] treatment could only be established by expert

testimony." *Id.* at 259-60, 965 P.2d at 802; *compare Bromme v. Pavitt*, 7 Cal.

Rptr. 2d 608, 614, *review denied*, 1992 Cal. LEXIS 3777 (Cal. July 23, 1992)

---

[8] Haw. R. Evid. Rule 602 is identical to Fed. R. Evid. Rule 602.

(explaining certain negligence cases may require reasonable medical probability be based upon expert medical testimony that defendant's conduct contributed to plaintiff's injury).

> Where the subject matter is technical, scientific or medical and not of common observation or knowledge, expert testimony is allowed into evidence. Such testimony is to aid the jury in the determination of the issues involved and to provide a sufficient basis for the conclusion to be drawn by the jury rather than by conjecture and speculation.

*Exotics Hawaii-Kona, Inc. v. E. I. du Pont de Nemours & Co.,* 116 Hawai`i 277, 299, 172 P.3d 1021, 1043 (Haw. 2007) (quoting *Bachran v. Morishige*, 52 Haw. 61, 67, 469 P.2d 808, 812 (Haw. 1970)) (additional citations omitted).

It is well-settled medical testimony is required in medical malpractice cases in Hawai`i because a jury of lay persons "***generally lacks the knowledge to determine the factual issues of medical causation***, the degree of skill, knowledge, and experience required of the physician, and the breach of the medical standard of care." *Exotics*, 116 Hawai`i at 300, 172 P.3d at 1044 (emphasis added). Moreover, "[w]here reasonable persons would not dispute the absence of causality . . . the court may take the decision from the jury and treat it as a question of law." *Wong v. Honolulu*, 66 Haw. 389, 398-99, 665 P.2d 157, 164 (Haw. 1983). For the same reason, it is clear that such expert testimony is necessary in this action and without it, summary judgment is appropriate in favor of Morinaga. Ms. Haake

759549v4/7948-5

18

acknowledges she is not a diagnosing expert; the record reveals no such expert ever examined Ms. Haake at any time relevant to her claim.

### C.   Costs

Morinaga is entitled to an award of costs pursuant to Fed. R. Civ. P. Rule 54(d)(1). The Fed. R. Civ. P. provide in relevant part that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. Rule 54(d)(1). Morinaga incurred costs participating in discovery, preparing for trial, and otherwise defending itself in this action. An award of Morinaga's costs is therefore appropriate.

### V.   CONCLUSION

For all of the foregoing reasons, summary judgment in favor of Morinaga is appropriate because this motion clearly demonstrates the absence of support for essential elements of Ms. Haake's and Safeway's claims. Even viewing the record in the light most favorable to the non-moving parties, there is no evidence beyond mere allegations and trial on this matter would be inappropriate.

Accordingly, Morinaga requests that summary judgment be entered in its favor and against both Plaintiff and Third-Party Plaintiff on all counts in this action without delay. Morinaga also requests an award of fees, costs, and sanctions as appropriate.

759549v4/7948-5                          19

If this Court does not enter judgment in favor of Morinaga, Morinaga

requests that the Court determine what material facts remain in dispute, issue an

order specifying those facts that appear without substantial controversy, and

directing such further proceedings in the action as are just.

DATED: Honolulu, Hawai`i, February 4, 2011.


__/s/ Richard J. Kowen_____
RICHARD J. KOWEN
DANIEL D. POVICH

Attorneys for Third-Party Defendant
MORINAGA NUTRITIONAL FOODS,
    INC.