IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANNETTE HAAKE,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAFEWAY -- (Kihei Branch), Representative for MORI NU TOFU FIRM (Silken) TOFU COMPANY and their hires insurance company, and JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE VENTURES 1-10 and DOE GOVERNMENTAL ENTITIES 1-10, inclusive Defendants,<br><br>        Defendants.<br>_____<br><br>SAFEWAY INC., a Delaware corporation,<br><br>        Defendant and Third-Party Plaintiff,<br><br>  vs.<br><br>MORINAGA NUTRITIONAL FOODS, INC.; JOHN DOES 1-10, JANE DOES 1-10, AND DOE ENTITIES 1-10,<br><br>        Third-Party Defendants.<br>_____ | CIVIL NO. 10-00126 JMS/KSC<br><br>ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT MORINAGA NUTRITIONAL FOODS, INC.'S MOTION FOR SUMMARY JUDGMENT |

# ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT MORINAGA NUTRITIONAL FOODS, INC.'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

On September 10, 2009, Plaintiff Annette Haake ("Plaintiff") filed this action in the Second Circuit Court of the State of Hawaii asserting claims against Safeway Inc. ("Safeway") and Morinaga Nutritional Foods, Inc. ("Morinaga") (named in the Complaint as Mori Nu Tofu Firm (Silken) Tofu Company) (collectively, "Defendants") for injuries and illness she asserts were caused by "Mori-Nu" brand tofu that Morinaga produced and Safeway sold. Safeway subsequently removed the action to this court, and also filed a Third Party Complaint against Morinaga for indemnity, contribution, equitable subrogation, and/or reimbursement.

Currently before the court is Morinaga's Motion for Summary Judgment on Plaintiff's claims, which Safeway joins.[1] Defendants argue, among other things, that there is no evidence that Morinaga tofu caused Plaintiff's injuries, which she alleges include vomiting, diarrhea, holes in her stomach, and kidney failure. Based on the following, the court GRANTS in part and DENIES in

---

[1] Morinaga also sought summary judgment on Safeway's Third Party Complaint and Safeway brought a Counter Motion for Summary Judgment. At the April 18, 2011 hearing, however, the parties agreed to withdraw these arguments without prejudice to them being raised in a stand-alone motion for summary judgment.

part Morinaga's Motion for Summary Judgment, with Plaintiff's claims relating to her injuries of feeling ill upon eating the tofu, stomach pain, and diarrhea remaining.

## II. BACKGROUND

### A. Factual Background

According to Plaintiff, on September 10, 2008, she purchased "Mori Nu" brand tofu from the Kihei Safeway. *See* Doc. No. 39-3, Morinaga Ex. B at H00002-3, 33. When she arrived home, she started to cook the tofu with some onion, but was so hungry that she ate the tofu before it had a chance to heat up. *Id.* at H000038. As she was eating the tofu, she began to feel ill, and she later suffered diarrhea, felt a lot of pain, and believes that the tofu had maggots in it which created holes in her stomach and caused a kidney infection and/or failure. *Id.* at H00002-4.

Plaintiff subsequently contacted Safeway, demanding that Safeway provide her contact information for Morinaga, send her to a doctor, and test the tofu to determine what caused her symptoms. *Id.* at H000014, 41; Doc. No. 39-4, Morinaga Ex. C at 005. Plaintiff did not, however, see a doctor on her own even though she recognizes that "[o]ne of the most important things in treatment of disease is knowing what you are treating." Doc. No. 39-3, Morinaga Ex. B at

H0000041. Rather, Plaintiff's "guess" as to what caused her symptoms is that flies laid eggs on the tofu. *Id.* at H000002-3. Plaintiff instead acted as her "own doctor" by taking "natural antibiotics" and other home remedies for her symptoms. *Id.* at H00005, 19.

**B.     Procedural Background**

On September 10, 2009, Plaintiff filed this action in the Second Circuit Court of the State of Hawaii asserting claims against Safeway and Morinaga for negligence, "criminal negligence," gross negligence, negligent infliction of emotional distress, and "unethical" behavior. Safeway subsequently removed the action to this court, and also filed a Third Party Complaint against Morinaga for "indemnity, contribution, equitable subrogation, and/or reimbursement" for any judgment, expenses, costs and attorneys' fees. *See* Doc. No. 17 ¶ 7.

On February 4, 2011, Morinaga filed its Motion for Summary Judgment on both Plaintiff's and Safeway's claims against it. On March 28, 2011, Safeway filed a (1) Motion for Joinder in Part and Opposition in Part to Morinaga's Motion for Summary Judgment; and (2) Counter Motion for Summary Judgment on its claims against Morinaga. Despite receiving a "Notice to Pro Se Litigants" explaining her duties in responding to a motion for summary judgment,

Doc. No. 36, Plaintiff failed to file an Opposition.  On April 1, 2011, Morinaga filed a Reply in support of its Motion for Summary Judgment and Opposition to Safeway's Counter Motion.  On April 11, 2011, Safeway filed a Reply in support of its Counter Motion.

A hearing was held on April 18, 2011.  At the hearing, Morinaga and Safeway agreed to withdraw their arguments and Motions as to Safeway's claim against Morinaga without prejudice.  The court also put Plaintiff on notice that although Morinaga did not specifically address causation as to each of Plaintiff's alleged injuries, pursuant to Federal Rule of Civil Procedure 56(f), the court would sua sponte determine whether there is a genuine issue of material fact supporting each injury.  The court therefore granted Plaintiff leave to file an Opposition to address and present evidence establishing that Morinaga's tofu, and not some other source, caused each of Plaintiff's alleged symptoms, and that the tofu had maggots that caused her symptoms.  Plaintiff was again provided the court's Notice to Pro Se Litigants, explaining how to defend a summary judgment motion. Doc. No. 50.  Despite these express instructions, Plaintiff failed to file an Opposition by the court's May 6, 2011 deadline.

///

///

## III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

## IV.  **DISCUSSION**

All of Plaintiff's claims sound in negligence based on Plaintiff's assertion that she purchased and ate tofu made by Morinaga and sold by Safeway which caused her to become ill. *See generally* Doc. No. 39-2, Morinaga Ex. A (Complaint). Under Hawaii law, a plaintiff establishes a negligence claim by proving:

> 1. A duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of

> conduct, for the protection of others against unreasonable risks;
> 2. A failure on the defendant's part to conform to the standard required: a breach of the duty;
> 3. A reasonably close causal connection between the conduct and the resulting injury[;] and
> 4. Actual loss or damage resulting to the interests of another.

*Dairy Road Partners v. Island Ins. Co.*, 92 Haw. 398, 419, 992 P.2d 93, 114 (2000); *see also Kaho'ohanohano v. Dep't of Human Servs.*, 117 Haw. 262, 287 n.31, 178 P.3d 538, 563 n.31 (2008); *Cho v. State*, 115 Haw. 373, 379 n.11, 168 P.3d 17, 23 n.11 (2007).

As to the issue of causation, "[a]n actor's negligent conduct is a legal cause of harm to another if (a) his or her conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his or her negligence has resulted in the harm." *Panion v. United States*, 385 F. Supp. 2d 1071, 1090 (D. Haw. 2005) (quoting *Doe Parents No. 1 v. State of Hawaii*, 100 Haw. 34, 85, 58 P.3d 545, 596 (2002)); *see also Taylor-Rice v. State of Hawaii*, 91 Haw. 60, 69-70, 979 P.2d 1086, 1095-96 (1999). The first inquiry "contemplates a factual determination that the negligence of the defendant was more likely than not a substantial factor in bringing about the result complained of." *Panion*, 385 F. Supp. 2d at 1090 (quoting *Taylor-Rice*, 91 Haw. at 74, 979 P.2d at 1100). In other words, "a defendant's negligence need not

8

have been the whole cause or the only factor in bringing about the harm. It was enough that his or her negligence was a substantial factor in causing plaintiff's injuries." *Id*. (quoting *Taylor-Rice*, 91 Haw. at 74, 979 P.2d at 1100).

Morinaga (and Safeway through joinder) argue that summary judgment should be granted on all of Plaintiff's claims because there is no evidence establishing that Plaintiff actually purchased Mori-Nu tofu, much less that Plaintiff's consumption of this tofu caused any of her alleged injuries. The court addresses these arguments in turn.

**A.     Whether Plaintiff Purchased Mori-Nu Tofu**

Morinaga argues that because Plaintiff has not produced a receipt or the packaging from her purchase, she cannot establish that she actually purchased Mori-Nu tofu. Viewing the evidence in a light most favorable to Plaintiff, however, the court finds that there is a genuine issue of material fact whether Plaintiff purchased Mori-Nu tofu. Plaintiff need not produce tangible evidence of a receipt or packaging to establish that she purchased Mori-Nu tofu. Rather, Plaintiff's purchase of Mori-Nu tofu is within her personal knowledge and she has established this fact through her interrogatory responses. *See* Doc. No. 39-3, Morinaga Ex. B at H000002; *see also Hardrick v. City of Bolingbrook*, 522 F.3d 758, 761 (7th Cir. 2008) (reversing trial court's refusal to consider the plaintiff's

interrogatory answers for summary judgment based on hearsay concerns because the content of the answers would be admissible at trial); Fed. R. Civ. P. 33(c), 56(c).

**B.	Whether Mori-Nu Tofu Actually Caused Each of Plaintiff's Illnesses**

Plaintiff asserts that as she was eating the tofu, she almost immediately began to feel ill, and soon thereafter suffered diarrhea, felt a lot of pain, and believes that the tofu had maggots in it which created holes in her stomach and caused a kidney infection and/or failure. *Id.* at H00002-4. Morinaga argues that Plaintiff has not established that the tofu actually caused her injuries because she offers only speculation regarding what caused her symptoms and because Plaintiff must present expert medical testimony to establish causation. The court agrees with Morinaga in part.

In general, "[p]roximate causation of an injury must be proved and is never presumed." *Dzurik v. Tamura*, 44 Haw. 327, 329, 359 P.2d 164, 165 (1960). Where "the trier of facts would be required to speculate and guess on too many elements in the chain of causation," summary judgment is appropriate. *Id.* (citation and quotation signals omitted)); *see also Haines v. Honolulu Shipyard, Inc.*, 125 F. Supp. 2d 1020, 1031 (D. Haw. 2000) ("A party must set forth specific evidence to demonstrate causation, and cannot rely on mere speculation or conjecture to avoid

summary judgment."). In comparison, "where there are conflicting inferences and conclusions, it is the function of the trier of facts to select the one which it considers most reasonable." *Dzurik*, 44 Haw. at 329, 359 P.2d at 165.

To establish causation, a plaintiff may testify to those facts to which she has personal knowledge. *See* Fed. R. Evid. 602; *Ho v. Leftwich*, 88 Haw. 251, 259, 965 P.2d 793, 801 (1998) (explaining that a lay witness can testify only regarding her personal knowledge and that evidence regarding the relationship between recovery and treatments must be established through expert medical testimony). As a result, there are certain types of cases in which medical testimony is necessary to establish causation, most notably in the medical malpractice cases. *See, e.g.*, *Barbee v. Queen's Med. Ctr.*, 119 Haw. 136, 158-59, 194 P.3d 1098, 1120-21 (Haw. App. 2008) (explaining that in general, "in a medical malpractice case, a plaintiff must establish proximate or contributory causation through the introduction of expert medical testimony"). Even in the medical malpractice area, however, there are exceptions to this requirement, for example, "when the medical condition is obvious or common in everyday life." *Id.*; *see also Craft v. Peebles*, 78 Haw. 287, 298, 893 P.2d 138, 149 (1995) (discussing "common knowledge" exception to the requirement that a plaintiff present expert medical testimony on causation in a medical malpractice action).

Applying these principles to each of Plaintiff's alleged symptoms, the court finds that a genuine issue of material fact exists regarding whether the tofu caused Plaintiff's immediate illness. Specifically, viewing the evidence in a light most favorable to Plaintiff, she began to feel ill as she was eating the tofu, then laid down and later woke up with diarrhea. *See* Doc. No. 39-3, Morinaga Ex. B at H000038. There is no evidence that she ate anything else other than tofu (although she cooked the tofu with other items) and given the immediate reaction she had from eating the tofu, this evidence supports the reasonable inference that eating the tofu caused her to become ill. Further, contrary to Defendants' assertions that medical testimony is necessary, that the tofu caused these symptoms is within the common knowledge of a lay person. Under these circumstances, medical testimony is not necessary to support the inference that tofu caused these symptoms where an individual has eaten only tofu and then suffers an upset stomach and diarrhea.

The court agrees with Defendants, however, that medical testimony is necessary to support Plaintiff's allegations that the tofu caused her later alleged injuries beyond her diarrhea and immediate sickness. As an initial matter, Plaintiff has only her bare testimony that she has holes in her stomach, suffered a kidney infection, and has kidney failure. These are not facts that are subject to common

12

knowledge -- Plaintiff needs medical evidence to substantiate these allegations. *See, e.g.*, *Ho*, 88 Haw. at 259, 965 P.2d at 801 (explaining that a lay witness can testify only regarding her personal knowledge and that evidence regarding the relationship between recovery and treatments must be established through expert medical testimony); *Dzurik*, 44 Haw. at 341, 359 P.2d at 171 (affirming trial court decision where plaintiff had not established through medical testimony that vehicle accident, and not other possible factors, caused his injuries). Plaintiff, however, filed no opposition presenting evidence explaining how the tofu may have caused these symptoms.

Further, Plaintiff has failed to link the tofu to the cause of these injuries. Rather, the best Plaintiff offers is an unsupported theory that the tofu had maggots which caused her illness. *See* Doc. No. 39-3, Morinaga Ex. B at H000002 ("Likely chance the tofu company . . . had a problem of fl[ies] -- maggot laying fl[ies] in this case"), at H000035 ("I believe You (Morinaga Nutritional Foods, Inc.) had a fly, the type of fly which lays maggots. . . ."). But there is no evidence whatsoever supporting this theory -- Plaintiff did not offer any evidence establishing that there were any maggots in the tofu, and she offers no evidence of how maggots would necessarily cause the symptoms she complains of. Indeed, even Plaintiff acknowledges that testing of her food would be necessary to

determine causation. *See id.* at H000041 ("One of the most important things in treatment of disease is knowing what you are treating. I kept asking Safeway to please test the food which, I saved for them for a whole week."). As a result, Plaintiff has failed to establish a genuine issue of material fact that any of her injuries beyond her immediate upset stomach and diarrhea were caused by the tofu.

In sum, the court GRANTS in part and DENIES in part Morinaga's Motion for Summary Judgment. Although a question of fact exists regarding whether the tofu caused Plaintiff's immediate upset stomach and diarrhea, Plaintiff has failed to establish a genuine issue of material fact that the tofu caused any of her later symptoms and/or illness. As a result, to the extent Plaintiff asserts any claims against Safeway for its failure to provide Plaintiff contact information for Morinaga, send her to a doctor, and/or test the tofu to determine what caused her symptoms, such claims also fail because Plaintiff has not established any injury resulting from Safeway's responses to Plaintiff.

## V. <u>CONCLUSION</u>

Based on the above, the court GRANTS in part and DENIES in part Morinaga's Motion for Summary Judgment. The court further STRIKES Plaintiff's claims for "criminal negligence" and "unethical behavior," as they are not cognizable claims in law. As a result, remaining are only Plaintiff's claims for

negligence, gross negligence, and negligent infliction of emotional distress related to her illness and discomfort felt while eating the tofu, as well as her upset stomach and diarrhea experiences shortly thereafter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 16, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Haake v. Safeway Inc. et al.*, Civ. No. 10-00126 JMS/KSC, Order Granting in Part and Denying in Part Third Party Defendant Morinaga Nutritional Food, Inc.'s Motion for Summary Judgment